<u>GENERAL RELEASE AGREEMENT</u>

This Separation Agreement and General Release (the "Agreement") is entered into this 16th day of May, 2003 between DOMINICA MANAGEMENT INC. ("DMI") and NEAL SIMON, J.D., M.A. ("SIMON") (collectively the "Parties").

WHEREAS, the Parties have agreed to settle any and all claims that they may have against each other, including, but not limited to, claims arising from or in any way related to SIMON'S employment with Ross University School of Medicine and Ross University School of Veterinary Medicine (collectively, "Ross University") or DMI and/or separation from said employment;

WHEREAS, DMI denies any claims of wrongdoing in connection with SIMON's employment with Ross University and DMI and/or separation from said employment;

WHEREAS, under the terms of a December 16, 2002 Letter Agreement between DMI and SIMON (the "Letter Agreement"), the Parties negotiated a "Closing Payment," to be made upon the occurrence of certain events and following an exchange of releases between the Parties;

NOW, THEREFORE, in consideration of the promises and conditions set forth herein, DMI and SIMON agree as follows:

1.      SIMON's last date of employment with DMI shall be May 16, 2003. Following the execution of this Agreement, DMI shall make the Closing Payment described in the Letter Agreement to SIMON.

2.      In consideration of the payments and mutual promises and covenants set forth in this Agreement and the Letter Agreement, SIMON, on behalf of his heirs, successors, current and former agents, representatives, attorneys, assigns, executors,



beneficiaries and administrators, hereby releases and forever discharges DMI, and each and all of its current and former parents, divisions, subsidiaries and affiliates, including by not limited to Ross University, (collectively, the "DMI Group") and each and all of their predecessors, successors, assigns, officers, directors, attorneys, shareholders, employees, representatives and agents (all of whom are referred to below as "Released Parties") from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees) or any nature whatsoever, whether in law or in equity, whether known or unknown, which SIMON now has or ever may have had against the Released Parties, including, but not limited to any and all matters related in any way to SIMON's employment with or separation from DMI or Ross University, as well as all claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the Employee Retirement Income Security Act of 1974, the National Labor Relations Act, the Family and Medical Leave Act, any other federal, state or local anti-discrimination laws, and any other contractual or tort claims relating to SIMON's employment with or separation from employment with the DMI or Ross University.

Except to enforce the terms of this Agreement, SIMON agrees not to file, initiate or commence any legal proceeding, including any complaint, charge, action or arbitration, with any federal, state or local court, agency, department, governmental entity or arbitration forum against any of the Released Parties regarding any and all claims that he may have against the Released Parties. SIMON also agrees agree to promptly



withdraw and dismiss and not to bring again any and all legal proceedings you may have previously brought against the Released Parties. SIMON further agrees that if he violates any of the provisions in this paragraph, SIMON shall be required to tender back the Closing Payment and shall be liable for all attorneys' fees and legal expenses incurred by the Released Parties in defending against any such legal proceedings.

3.       In consideration of the payment and mutual promises and covenants set forth in this Agreement, DMI, on behalf its current and former parents, divisions, subsidiaries and affiliates, including by not limited to Ross University, (collectively, the "DMI Group"), hereby releases and forever discharges SIMON, and each and all of his heirs, successors, current and former agents, representatives, attorneys, assigns, executors, beneficiaries and administrators, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees) or any nature whatsoever, whether in law or in equity, whether known or unknown, which the DMI Group now has or ever may have had against SIMON, including but not limited to all matters related to SIMON's employment with or separation from employment with DMI or Ross University.

Except to enforce the terms of this Agreement, DMI agrees not to file, initiate or commence any legal proceeding, including any complaint, charge, action or arbitration, with any federal, state or local court, agency, department, governmental entity or arbitration forum against SIMON regarding any and all claims that it may have against SIMON. DMI also agrees agree to promptly withdraw and dismiss and not to bring again any and all legal proceedings you may have previously brought against SIMON. DMI



further agrees that if it violates any of the provisions in this paragraph, DMI shall be liable for all attorneys' fees and legal expenses incurred by SIMON in defending against any such legal proceedings.

4.      SIMON agrees that he has continuing confidentiality obligations to DMI and Ross University as provided herein.   Specifically, SIMON agrees that he and his agents will not publicize or disclose, directly or indirectly, the existence of the Letter Agreement or this Agreement, the terms or negotiations thereof, the circumstances giving rise to the Letter Agreement and this Agreement, or any confidential information concerning the business, clients or affairs of DMI or Ross University or any subsidiary or affiliate thereof, except that SIMON may disclose the terms of the Letter Agreement and this Agreement to his attorney, accountant, members of his immediate family and as required by law.  SIMON further agrees that he will advise any individual to whom the terms of the Letter Agreement and this Agreement are disclosed of the confidentiality requirements of this paragraph and that he will use his best efforts to ensure that the confidentiality obligations are complied with in all respects.  SIMON further agrees that if he violates any of the provisions in this paragraph, he shall be required to tender back the Closing Payment and shall be liable for all attorneys' fees and legal expenses incurred as a result of such violation.

5.      By signing this Agreement, SIMON acknowledges and agrees that:



(a)     he has have been offered a reasonable and sufficient period of time for deliberation thereon and for negotiation of the terms thereof;

(b)     he has specifically been advised by DMI that he may consult with a legal counsel of his choice before signing it;

(c)     he has carefully read and understands the terms of this Agreement;

(d)     he has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and

(e)     the only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to you to any person or entity to cause you to sign this Agreement.

6.     The Parties agree that any claim, controversy or dispute between them (including without limitation with DMI and Ross University's affiliates, subsidiaries, successors, officers, employees, representative or agents) arising out of or relating to this Agreement, SIMON's employment with or the cessation of SIMON's employment with Ross University or DMI, or any matter relating to the foregoing shall be submitted to and settled by arbitration in a forum of the American Arbitration Association ("AAA") located in New York, New York and conducted in accordance with the National Rules for the Resolution of Employment Disputes.   This requirement to arbitrate claims, controversies and disputes applies to and includes all claims by SIMON, including without limitation any claims under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act or any other federal, state or local statute, rule, ordinance or regulation pertaining to an employee's employment or the termination thereof.   The arbitration shall be held before a single arbitrator and shall be final and binding on the Parties.   The costs of such arbitration, except for the filing fee and any attorneys' fees, shall be borne by DMI; provided, however, that the arbitrator may award reasonable attorneys' fees to the prevailing party

should the underlying statute upon which a party prevails provide for the award of such attorneys' fees.

7.     This Agreement constitutes a comprise settlement and is the product of arms-length negotiations.  It shall not be construed as an admission of any sort by anyone, nor shall it be used as evidence in a proceeding of any kind, except one in which one of the parties alleges breach of the terms of this Agreement or one in which one of the parties elects to use this Agreement as a defense to any claim.

8.     This Agreement constitutes an integrated agreement, containing the entire understanding of the parties with respect to the matters addressed herein and, except as set forth in this Agreement, no representations, warranties or promises have been made or relied upon by the parties.  This Agreement shall prevail over any prior communications between the parties or their representatives relative to the matters addressed herein and shall not be modified, reformed or amended, except in a writing agreement signed by the Parties.

9.     This Agreement shall be governed by and interpreted for all purposes under the laws of New York and no other state's laws.  If any portion of this Agreement is found by a court or arbitrator to be void or unenforceable, then such portion shall be severed from this Agreement and the remaining portions of this Agreement shall remain in full force and effect.



Executed as an Agreement as of the date set forth above.

**DOMINICA MANAGEMENT INC.**          **NEAL SIMON, J.D., M.A.**

By: _____          By: _____

Title: PRESIDENT                        Date: 5/16/03

Date: 5/16/03

NYK 839402-2.058352.0013