UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
DOMINICA MANAGEMENT, INC.,        :
                                  :
          Plaintiff,              :
                                  :
    v.                            :     File No.
                                  :
AMERICAN UNIVERSITY OF ANTIGUA    :
COLLEGE OF MEDICINE, NEAL S. SIMON:
and SOL WELTMAN,                  :
                                  :
          Defendants.             :
------------------------------------------------------------X

## COMPLAINT

Plaintiff, Dominica Management, Inc., for its complaint against Defendant American University of Antigua College of Medicine, Defendant Neal S. Simon, and Defendant Sol Weltman, alleges as follows:

### JURISDICTION AND VENUE

1. This action for copyright infringement arises under the copyrights laws of the United States, 17 U.S.C. §101 *et seq.*, and under state law, which related claims arise out of the same operative facts.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338 and 28 U.S.C. §1367.

3. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 and §1400 because, *inter alia*, the claims arose within this District and one of the Defendants resides in this District.

## **THE PARTIES**

4. Plaintiff, Dominica Management, Inc, ("DMI"), is a corporation organized under the laws of New York with is principal office located at 499 Thornall Street, 20th Floor, Edison, New Jersey 08837.

5. On information and belief, Defendant, American University of Antigua ("AUA"), is an educational institution with its principal office at 501 Fifth Avenue, New York, New York.

6. This Court has personal jurisdiction over Defendant AUA *inter alia* in that Defendant AUA has committed a tortious act in the State of New York which constitutes the subject matter of this action.

7. On information and belief, Defendant, Neal S. Simon ("Simon"), is a resident of the State of New Jersey, residing as 1224 West Hobart Gap Road, Livingston, New Jersey.

8. This Court has personal jurisdiction over Defendant Simon *inter alia* in that Defendant Simon has committed a tortious act in the State of New York which constitutes the subject matter of this action.

9. On information and belief, Defendant, Sol Weltman ("Weltman"), is a resident of the State of New York, residing at 3161 Brighton 6th Street, Apt. 6E, Brooklyn, New York 11235.

10. This Court has personal jurisdiction over Defendant Weltman *inter alia* in that Defendant Weltman has committed a tortious act in the State of New York which constitutes the subject matter of this action.

## **FACTUAL BACKGROUND**

11.     DMI provides administrative services to Ross University School of Medicine in the United States. These companies are related.

12.     Ross University School of Medicine ("Ross University") is a medical school located on the island of Dominica, West Indies. Ross University was founded in 1978 and is accredited by the Dominica Medical Board, which has been deemed to have accreditation standards comparable to U.S. standards by the National Committee on Foreign Medical Education and Accreditation of the U.S. Department of Education.

13.     Ross University provides a world-class medical education for qualified applicants at its medical school in Dominica and at 41 hospitals in the United States that are clinical affiliates of Ross University.

14.     During its twenty-six year history, over 4,000 Ross University graduates have entered United States medical residencies practicing in every specialty in medicine, including programs at all of the major academic medical centers in the United States.

15.     In providing administrative services to Ross University, DMI creates and publishes student handbooks, catalogs, and other printed materials. For example, DMI is responsible for creating and publishing the Student Handbook of Academic Rules and Regulations for Ross University.

16.     In September 2002, DMI created and published the Ross University School of Medicine Student Handbook of Academic Rules and Regulations ("2002 Student Handbook").

17.     The 2002 Student Handbook contains material wholly original to DMI and constitutes copyrightable subject matter according to the copyright laws of the United States.

18. DMI has complied in all respects with all applicable copyright acts and all other laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights of the 2002 Student Handbook.

19. DMI received from the Register of Copyrights a certificate of registration for the 2002 Student Handbook, Registration No. TX 600-8438, dated September 8, 2004. A copy of the registration certificate is attached as Exhibit 1.

20. DMI has been and still is the sole owner of all rights, title and interest in and to the copyrights in the 2002 Student Handbook.

21. The 2002 Student Handbook has been published by DMI and all copies produced by DMI or under its authority or license have been published in conformity with the copyright laws of the United States.

22. Copies of the 2002 Student Handbook were available to the public by request to DMI, and were available to the public through the website at *rossmed.edu*.

23. In providing administrative services to Ross University, DMI has compiled information and created computer systems that are used in the administration of the affairs of Ross University and gives DMI an advantage over its competitors and the competitors of Ross University.

24. Defendant Simon is a former employee of DMI and of Ross University.

25. Defendant Simon was employed by and was an officer of Ross University from about 1989 through December 16, 2002. During this time period, Defendant Simon served as President and General Counsel of Ross University.

26. On December 16, 2002, Defendant Simon terminated his employment with Ross

University and became employed by DMI.

27. On May 16, 2003, Defendant Simon terminated his employment with DMI.

28. After leaving DMI, Defendant Simon became, and still is, President of Defendant AUA.

29. Defendant AUA is a newly formed foreign medical school located on the island of Antigua. The first classes held at Defendant AUA were in February 2004.

30. Defendant AUA competes with Ross University in providing medical school education to students.

31. During his employment with Ross University and DMI, Defendant Simon had access to confidential and proprietary business information and trade secrets of DMI.

32. In his capacity as president of Ross University, Defendant Simon had access to the 2002 Student Handbook.

33. Defendant AUA and Defendant Simon have caused to be published the *American University of Antigua College of Medicine Student Handbook* ("AUA Student Handbook"). The AUA Student Handbook is available to the public on the website at *auamed.org*.

34. The AUA Student Handbook contains the rules and regulations that must be adhered to by medical students attending Defendant AUA.

35. The AUA Student Handbook is substantially similar to the 2002 Student Handbook.

36. Defendant Simon, on behalf of Defendant AUA, contacted employees of DMI to obtain confidential and proprietary information and trade secrets of DMI to the detriment of DMI and to the benefit of Defendant AUA.

37. One such DMI employee Defendant Simon contacted was Defendant Weltman.

38. Defendant Weltman was employed by DMI from November 6, 1996 to April 29, 2004, when he was terminated for cause.

39. While employed by DMI, Defendant Weltman was a computer programmer in the information technology department.

40. As an employee of DMI, Defendant Weltman had access to confidential and proprietary information and trade secrets of DMI.

41. Defendant Weltman had access to and was responsible for the computer system developed and used by DMI in managing the affairs of Ross University. One function of the computer system was to manage and maintain the student and financial records for Ross University.

42. The computer system is a valuable trade secret of DMI.

43. While an employee of DMI, Defendant Weltman, *inter alia*, took proprietary software created for and utilized by DMI and converted it for use by Defendant AUA.

44. Also while an employee of DMI, and during his working hours, Defendant Weltman prepared and submitted to Defendant Simon and Defendant AUA proposals for the creation and implementation of computer systems for Defendant AUA.

45. By misappropriating DMI's computer systems and converting it for use by Defendant AUA, Defendant AUA was able to save millions of dollars in purchasing computer software and was able to benefit from DMI's experience and knowledge in the administration of foreign medical schools.

46. Defendant Simon, on behalf of Defendant AUA, has contacted other employees of

DMI and has obtained other proprietary and confidential information and trade secrets of DMI. These actions include, without limitation: (a) obtaining corporate reorganization plans; (b) obtaining employment contracts; (c) obtaining the names and contact information for medical school candidates who have submitted medical school applications to Ross University; (d) obtaining tactical and strategic plans for overcoming resistance by some states to the licensing of physicians who graduated from accredited foreign medical schools; and (f) obtaining and copying copyrighted photographs for use in Defendant AUA's materials and on its web site.

### COUNT I - COPYRIGHT INFRINGEMENT

47. DMI adopts and realleges paragraphs 1 through 46.

48. Defendant AUA and Defendant Simon had access to the 2002 Student Handbook.

49. Defendant AUA and Defendant Simon have distributed the AUA Student Handbook.

50. DMI has not authorized Defendant AUA or Defendant Simon to copy, duplicate or prepare derivative works of the 2002 Student Handbook

51. Defendant AUA and Defendant Simon have infringed and are infringing DMI's copyrights in the 2002 Student Handbook by publishing and distributing the AUA Student Handbook.

52. Defendant AUA's and Defendant Simon's acts constitute willful infringement of DMI's copyrights.

53. Defendant AUA and Defendant Simon have committed all of the aforesaid acts of infringement deliberately and willfully.

54. Defendant AUA and Defendant Simon are and will continue to infringe DMI's

copyrights in the 2002 Student Handbook and, unless permanently enjoined, will continue to infringe DMI's copyrights, causing DMI irreparable harm.

55. DMI has sustained and will continue to sustain substantial injuries, losses and damages to its exclusive rights under the copyright laws regarding the 2002 Student Handbook and DMI has sustained and will continue to sustain damages from the loss of value of those exclusive rights by reason of the conduct of Defendant AUA and Defendant Simon.

56. DMI has no adequate remedy at law.

57. By reason of Defendant AUA's and Defendant Simon's infringing activities, DMI has been and continues to be injured in an amount not yet determined.

### COUNT II - MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL INFORMATION

58. DMI adopts and realleges paragraphs 1 through 57.

59. DMI's internal computer system and records dealing with student records, financial affairs, names, contact information and admissions actions relating to prospective applicants and tactical and strategic plans for dealing with state licensing authorities are valuable and protectible trade secrets of DMI.

60. DMI has taken great efforts to prevent the disclosure of those trade secrets to others and has taken substantial steps to insure the confidentiality of this information.

61. Those trade secrets were acquired by Defendants AUA, Simon and Weltman and are being used by Defendant Simon and Defendant AUA to their benefit and to the detriment of DMI.

62. By obtaining those trade secrets through improper, misleading and unethical

contacts with employees of DMI, Defendant Simon and Defendant AUA wrongfully misappropriated those trade secrets to DMI's substantial damage.

63. DMI has no adequate remedy at law.

64. By reason of Defendants' activities, DMI has been and continues to be damaged in an amount not yet determined.

## COUNT III - AIDING AND ABETTING BREACH OF DUTY OF LOYALTY

65. DMI adopts and realleges paragraphs 1 through 64.

66. Defendant Simon and Defendant AUA have intentionally contacted DMI's employees for the express purpose of obtaining DMI's confidential and proprietary information and trade secrets.

67. Defendant Simon and Defendant AUA had actual knowledge that by contacting DMI employees to obtain confidential and proprietary information, said DMI employees would breach a fiduciary duty to their employer.

68. Through their actions, Defendant Simon and Defendant AUA have aided and abetted DMI's employees to violate the duty of loyalty to DMI.

69. DMI has no adequate remedy at law.

70. By reason of Defendants' activities, DMI has been and continues to be damaged in an amount not yet determined.

## COUNT IV - BREACH OF DUTY OF LOYALTY

71. DMI adopts and realleges paragraphs 1 through 69.

72. During and after his employment with DMI, Defendant Weltman disclosed confidential and proprietary information and trade secrets to Defendant Simon and Defendant

AUA.

73. Through his activities, Defendant Weltman acted contrary to DMI's interests.

74. Through his activities, Defendant Weltman assisted Defendant Simon and Defendant AUA.

75. Defendant Weltman has breached a duty of loyalty to DMI by disclosing confidential and proprietary information and trade secrets of DMI to Defendant Simon and Defendant AUA.

76. DMI has no adequate remedy at law.

77. By reason of Defendant Weltman's activities, DMI has been and continues to be damaged in an amount not yet determined.

## COUNT V – UNJUST ENRICHMENT

78. DMI adopts and realleges paragraphs 1 through 77.

79. Simon and AUA have operated, and continue to operate AUA's business using the aforementioned proprietary and confidential material and have profited from the use of this material.

80. Plaintiff has not been paid for such usage.

81. By reason of the foregoing, Defendants Simon and AUA have been unjustly enriched and Plaintiff is entitled to recover damages from AUA and Simon in an amount not yet to be determined.

## COUNT VI – UNFAIR COMPETITION

82. DMI adopts and realleges paragraphs 1 through 81.

83. Plaintiff possessed and continues to possess property rights in the trade secrets described above.

84. These property rights have pecuniary and commercial value to Plaintiff.

85. By their misappropriation of significant portions of Plaintiff's customized databases, their contacts with Plaintiff's employees as described above, Defendants have misappropriated Plaintiff's property in bad faith and through commercially unfair practices, all in an effort to unfairly compete with DMI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dominica Management, Inc., respectfully requests this Court to enter:

1. Judgment for DMI and against all Defendants on Count I for copyright infringement.

2. Judgment for DMI and against all Defendants on Count II for misappropriation of trade secrets.

3. Judgment for DMI and against Defendant Simon and Defendant AUA on Count III for aiding and abetting the breach of duty of loyalty.

4. Judgment for DMI and against Defendant Weltman for breach of duty of loyalty.

5. Judgment for DMI and against AUA and Simon for Unjust Enrichment.

6. Judgment for DMI and against AUA and Simon for Unfair Competition.

7. A preliminary and permanent injunction restraining all Defendants, their respective agents, servants, representatives, employees, attorneys, and all persons and organizations in active concert or participation with Defendants:

    a. From infringing DMI's copyrights in the 2002 Student Handbook in any manner;

    b. From further use and/or disclosure of DMI's trade secrets and confidential and proprietary information;

    c. From inducing or aiding and abetting any of DMI's employees and past employees from breaching their duty of loyalty to DMI; and

    d. From hiring DMI's employees having knowledge of DMI's confidential and proprietary information and trade secrets for the purpose of obtaining further information or competing unfairly with DMI.

    e. From destroying or otherwise disposing of all records, data and information relevant to this action.

8. An order directing all Defendants to deliver up for destruction all materials embodying DMI's confidential and proprietary information and trade secrets.

9. An order directing all Defendants to deliver up for destruction all materials infringing DMI's copyrights and all means for publishing, printing or reproducing such infringing materials.

10. An order directing Defendant Simon and Defendant AUA to account and pay over to DMI all gains, profits and advantages realized by them due to their infringement of the copyrights in the 2002 Student Handbook, or statutory damages as DMI may elect.

11. An order directing all Defendants to account for and pay over to DMI all damages suffered by DMI and all profits wrongfully derived by Defendants as a result of the misappropriation of trade secrets, aiding and abetting the breach of the duty of loyalty, and breach of the duty of loyalty.

12. An order awarding DMI its costs in this action, including attorney's fees.

13. An order granting such other relief as this Court may deem just.

Respectfully submitted,

CULLEN AND DYKMAN BLEAKLEY PLATT LLP

Date: September 28, 2004    By: _____
Peter J. Mastaglio (PM 8303)
CULLEN AND DKYMAN BLEAKLEY PLATT LLP
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

**EXHIBIT 1**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 6-008-438**

EFFECTIVE DATE OF REGISTRATION
09  08  2004
Month  Day  Year

**RATE CONTINUATION SHEET.**

---

**TITLE OF THIS WORK ▼**
Ross University School of Medicine Student Handbook of Academic Rules and Regulations

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.  Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**

**NAME OF AUTHOR ▼**
Dominica Management, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ United States
    { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Entire text

**NOTE** Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2002 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶ September  Day ▶ 2  Year ▶ 2002
United States ◀ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Dominica Management, Inc.
499 Thornall Street, 10th Floor
Edison, N.J. 08837

APPLICATION RECEIVED
SEP 08 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
SEP 08 2004
FUNDS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

|  |  |
|---|---|
| EXAMINED BY _____ Joe | FORM TX |
| CHECKED BY _____ ✓ |  |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶ _____   Year of Registration ▶ _____

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**
a

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ _____   Account Number ▼ _____

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Arne M. Olson, Esq.
OLSON & HIERL, LTD.
20 North Wacker Drive, 36th Floor
Chicago, IL 60606

Area code and daytime telephone number ▶ (312) 580-1180   Fax number ▶ (312) 580-1189
Email ▶ aolson@olsonhierl.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Dominica Management, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Sheryl L. Moody                                           Date September 2, 2004

Handwritten signature (X) ▼
X _Sheryl L Moody_

| Certificate will be mailed in window envelope to this address: | Name ▼ Arne M. Olson, Esq. | • Complete all necessary spaces<br>• Sign your application in space 8 |
|---|---|---|
|  | Number/Street/Apt ▼ 20 North Wacker Drive, 36th Floor | 1. Application form<br>2. Nonrefundable filing fee in check or money order payable to Register of Copyrights<br>3. Deposit material |
|  | City/State/ZIP ▼ Chicago, IL 60606 | Library of Congress<br>Copyright Office - TX<br>101 Independence Avenue, S.E.<br>Washington, D.C. 20559-6222 |

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.