*11001-00008*

November 5, 2004

Leonard A. Sclafani, Esq.
Polatsek and Sclafani
275 Madison Avenue, Suite 903
New York, New York 10016

Re: Dominica Management, Inc. v. American University of Antigua
College of Medicine and Neal S. Simon and Sol Weltman

Dear Mr. Sclafani:

It is my understanding, based on your representations at the deposition of Sol Weltman, that your firm, Polatsek and Sclafani ("Polatsek"), is appearing, or intends to appear, on behalf of defendant Neal Simon in this action. Since that deposition, it has come to our attention that Polatsek, and you specifically, were previously engaged in extensive representation of both Dominica Management, Inc. ("DMI") and Ross University School of Medicine ("Ross"). While we continue to investigate the extent of those representations, the following information raises a question as to the propriety of Polatsek's and more specifically your engagement in this action in behalf of Mr. Simon.

DMI and Ross' files reveal an October 4, 1998 letter addressed to Ross and its affiliate veterinary school which recites that "for many years" prior to the date of the letter, Polatsek represented Ross and its affiliates and provided those entities with legal services that included general "legal advice, counsel, research, negotiation and representation." While that letter was never counter-signed by Ross so as to form a future retainer agreement, it recites and provides information as to the scope of the legal services rendered prior to the date of the letter.

Your subsequent September 20, 2000 letter recites five separate matters as to which your firm represented Ross prior to that date, three of which were litigation matters and one of which (Friedberg) involved your firm's representation of DMI as a client. Copies of both letters are enclosed. Finally, I note that the letterhead on your September 20, 2000 letter reveals that, as of that date, Mr. Simon, who was previously Ross and DMI's general counsel, as well as their president, was "of counsel" to your firm.

Leonard A. Sclafani, Esq.                                November 5, 2004
Polatsek and Sclafani                                    Page 2


It is our understanding that the extensive representation of Ross by your firm, without even considering its direct representation of DMI in a litigated matter, is sufficient to require that your firm withdraw as counsel to a party adverse to DMI in the present litigation. This conclusion is based on the parent-subsidiary relationship between DMI and Ross and the fact that, as you well know, DMI manages some of Ross' business affairs. See Decora Inc. v. D.W. Wallcovering, Inc. et al., 899 F. Supp. 132 (S.D.N.Y. 1995).

Polatsek's prior representation as indicated by the three items described above is so pervasive that, as an example, it will affect your intuition and judgment with respect to issues such as knowing what to ask for in discovery, which witnesses to depose, the questions to ask the witnesses, what lines of attack to abandon and what to pursue, the settlements to accept and the offers to reject. See Felix v. Balkin, et al., 49 F. Supp.2d 260, 272-273 (S.D.N.Y. 1999). Moreover, there is a presumption that access to privileged information will be accompanied by actual possession of such information. See gen., Decora Inc., 899 F. Supp. 132 (S.D.N.Y. 1995). As such, your continued representation of Neal Simon in an action adverse to your former clients amounts to violations of the Code of Professional Responsibility and requires that you and Polatsek discontinue your representation of Mr. Simon. We ask that you advise of the same no later than November 10, 2004.

Very truly yours,

PM

Peter J. Mastaglio

PJM:LZ
Encs.

## POLATSEK AND SCLAFANI
COUNSELLORS-AT-LAW
275 MADISON AVENUE
SUITE 903
NEW YORK, NEW YORK 10016
(212) 696-9880
TELEFAX (212) 849-6310

LEONARD A. SCLAFANI, P.C.

OF COUNSEL
HARRY D. POLATSEK, P.A.*
KA BICK YAU*
CHRISTOPHER A. WILBURN **
ERNEST M. ASH
NEAL S. SIMON
LEONARD E. BIRDSONG, P.C. +÷−
CAMILLE JONES STRACHAN +
JEFFREY E. LEHRMAN, ESQ. **
PROFESSIONAL CORPORATION
FRANKLIN A. BLANCO
FREDERICK A. POLATSEK ***
STEPHEN R. KAIN ++
  *N.Y. & FLORIDA BAR
  **FLORIDA BAR ONLY
  ***N.Y. AND N.J. BAR
  +LOUISIANA BAR ONLY
  +−N. Y., N. J. FLORIDA AND N. M. BAR ONLY
  +−−D. C. OH, V. I. BAR ONLY

2455 EAST SUNRISE BOULEVARD
SUITE 1216
FORT LAUDERDALE, FLORIDA 33304
(305) 866-0377

508 LUCERNE AVENUE
LAKE WORTH, FLORIDA 33460
(305) 585-7353

2699 SOUTH BAYSHORE DRIVE
MIAMI, FLORIDA 33139
(305) 244-7231

October 1, 1998

Ross University School of Medicine
460 West 34th Street 12th Floor
New York, New York 10001

Ross University School of Veterinary Medicine
460 West 34th Street 12th Floor
New York, New York 10001

    Re:  General Retainer Agreement

Dear Dr. Ross:

      When countersigned by you in the spaces provided below, this letter shall serve to confirm the retention of our firm by Ross University School of Medicine and Ross University School of Veterinary Medicine (hereinafter "Ross University") as its general outside counsel and legal representative.

      Our retainer in connection herewith shall be $10,000.00 per month payable on the 1st day of each calender month for the duration of this agreement, which shall be for a period of five years from the date hereof, unless we shall have been terminated "for cause". "For cause" shall be limited to our malpractice, fraud, deceit or dishonesty, the undersigned's death or such disability as would render me the undersigned incapable of performing my responsibilities herein.

      In addition to these fees, Ross University has agreed to pay all disbursements and expenses incurred on its behalf, including, but not limited to, stenographic fees and charges, filing and docketing fees, messenger charges, transportation, photocopying, postage and the like.

      This retainer shall embrace within its scope all legal advice, counsel, research, negotiation and representation as Ross

University shall request and require except that we shall not be required to provide any service which the law and or the scope of our expertise and ability would not permit us to provide hereunder. In this regard, Ross University acknowledges that it has had a professional relationship with us for many years, and is generally familiar with the range, scope and types of services and counsel that we have provided and are capable of providing, and agrees that the services which we shall provide hereunder shall be of the same range, scope and type as we have previously provided, except as we shall mutually agree.

Please acknowledge your acceptance of, and agreement to, the foregoing terms by countersigning the enclosed second copy of the this letter in the appropriate place for your signatures and return it to me. Be assured of our best efforts on your behalf.

Very truly yours,

POLATSEK AND SCLAFANI

By: _____
LEONARD A. SCLAFANI, ESQ.

ACCEPTED AND AGREED:

Ross University School of Medicine
and Ross University School of
Veterinary Medicine

By __Robert Ross_____
Robert Ross, President

## POLATSEK AND SCLAFANI
COUNSELLORS-AT-LAW
275 MADISON AVENUE
SUITE 903
NEW YORK, NEW YORK 10016
(212) 696-9880
TELEFAX (212) 949-8310

LEONARD A. SCLAFANI, P.C.

Of COUNSEL
HARRY D. POLATSEK, P.A.*
KA BICK YAU*
CHRISTOPHER A. WILBURN **
EARNEST M. ASH
NEAL S. SIMON
LEONARD E. BIRDSONG, P.C. +++
CAMILLE JONES STRACHAN +
JEFFREY E. LEHRMAN, ESQ. **
PROFESSIONAL CORPORATION
FRANKLIN A. BLANCO
FREDERICK A. POLATSEK ***
STEPHEN R. KAIN ++
  *N.Y. & FLORIDA BAR
  **FLORIDA BAR ONLY
  ***N.Y. AND N.J. BAR
  +LOUISIANA BAR ONLY
  ++N.Y, N.J., FLORIDA AND N.H. BAR ONLY
  +++D.C., OH, V.I. BAR ONLY

2455 EAST SUNRISE BOULEVARD
SUITE 1218
FORT LAUDERDALE, FLORIDA 33304
(305) 566-0377

508 LUCERNE AVENUE
LAKE WORTH, FLORIDA 33460
(305) 585-7363

2699 SOUTH BAYSHORE DRIVE
MIAMI, FLORIDA 33139
(305) 244-7231

September 20, 2000

Ross University
460 West 34th Street, 12th Floor
New York, New York 10001

**RE:   ROSS UNIVERSITY SCHOOL OF MEDICINE**

---

### FOR PROFESSIONAL SERVICES RENDERED

### Nasir Babiker v. Ross University, USDC, SDNY Index# 98 CIV 1429:

Drafted, served and filed defendant's Memorandum of Law in support of defendant's motion for summary judgment; legal research incident thereto; oral argument in support of motion for summary judgment; reviewed Decision and Order of Judge Katz granting summary judgment to defendant; client consultation re: same; correspondence and communication with the N.Y.S. Department of Education and the Federal Bureau of Investigation re: threats against Ross University's officers; client communication re: same.

    41.25 hrs. @ $400.00 per hr. . . . . . . . . . $16,500.00

### Pinhas Friedberg v. Ross University et. al, Sup. Ct., N.Y. Co. Index# 600133/00:

Submitted "Reply Affidavit" of Neal Simon in further support of defendant's motion for judgment on the pleadings, or in alternative, for summary judgment; client communication re: same;

Hills\Ross University\Bill

conversations and negotiations with plaintiff's counsel re: depositions of the parties and other discovery and settlement.

    35 hrs. @ $400.00 per hr. . . . . . . . . . . . . $14,000.00

### New York State v. Ross University, Sup. Ct, Alb. Co. Index# L-00138-99

Revised plaintiff's motion for summary judgment; drafted, served and filed papers in opposition to plaintiff's motion for summary judgment; legal research re: same; client consultation re: same; correspondence and communication with Thomas Faist and Edward Bogdan (Bogdan & Faist) re: same; preparation of proposed affidavit of Thomas Faist in opposition to plaintiff's summary judgment motion; client communications re: same; correspondence with Thomas W. Faist re: proposed affidavit; review of plaintiff's reply papers in further support of plaintiff's motion for summary judgment; client consultation re: same; drafted, served and filed defendant's papers in opposition to plaintiff's motion for an order permitting plaintiff to retain custody of monies seized from defendant; client communication re: same; correspondence and communications with plaintiff's counsel re: same; preparation of summons and complaint against Bogdan & Faist et. al.; correspondence and communication with Bogdan & Faist re: same; client communications re: same; review of Bogdan & Faist's "Motion to Dismiss"; client communication re: same.

    26.25 hrs. @ $400.00 per hr. . . . . . . . . . . $10,500.00

### Ross University Audit:

Provided written opinion and report to Price Waterhouse Coopers, LLP regarding asserted and unasserted claims and lawsuits against Ross University.

    Opinion letter. . . . . . . . . . . . . . . . . . $10,000.00

### Ross University with Blackburn

Client consultation, legal research

    4 hrs. @ $400.00 per hr. . . . . . . . . . . . . . $1,600.00


    **TOTAL** . . . . . . . . . . . . . . . . . . . . . . **$50,500.00**