POLATSEK AND SCLAFANI
COUNSELLORS-AT-LAW
275 MADISON AVENUE
28TH FLOOR
NEW YORK, NEW YORK 10016
(212) 696-9880
TELEFAX (212) 949-6310

LEONARD A. SCLAFANI, P.C.

OF COUNSEL
HARRY D. POLATSEK, P.A.*
FREDERICK A. POLATSEK **
 *N.Y. & FLORIDA BARS
**N. Y. N. J. AND FLORIDA BARS

2455 EAST SUNRISE BOULEVARD
SUITE 1216
FORT LAUDERDALE, FLORIDA 33304
(954) 566-0377

8160 GLADES ROAD
SUITE 201
BOCA RATON, FLORIDA 33434
(561) 451-8566

November 11, 2004

Peter J. Mastaglio, Esq.
CULLEN and DYKMAN, BLEAKLEY PLATT LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850

   RE:   Dominica Management, Inc. v. American University of
         Antigua College of Medicine and Neal S. Simon and
         Sol Weltman

Dear Mr. Mastaglio:

   I am writing in response to your November 5, 2004 letter in which you assert that my continued representation of Neal Simon in the above referenced matter "amounts to violations of the Code of Professional Responsibility and requires that [I] and [my firm] discontinue [our] representation of Mr. Simon." Before I undertook the representation of Mr. Simon, I gave careful consideration to the question as to whether my representation of him would violate the Code of Professional Responsibility or constitute a conflict of interest. I determined that my representation was in accord with my ethical obligations and created no conflict of interest. My consideration took into account the legal matters that are reflected on both my firm's invoice and the fee agreement that you included under cover of your letter. I note that your letter is replete with factual inaccuracies and conclusory statements which are unsupported by the actual facts surrounding my representation of Ross University and/or Dominica Management, (the sole plaintiff in the above reference matter). Accordingly, neither I nor my firm will discontinue our representation of Mr. Simon in this matter.

I also note, however, that you did make one factual statement that is correct; to wit, that my firm performed valuable and extensive legal services for Ross University School of Medicine and Ross University School of Veterinary Medicine as reflected both in my firm's invoice and in the fee agreement that you included with your letter. Contrary to your assertion, the fee agreement was, in fact, signed by Robert Ross during his tenure as chairman and sole owner of Ross University School of Medicine, Ross University School of Veterinary Medicine and Dominica Management, Inc. The agreement was valid, binding and enforceable as against Ross University. The fee agreement, contrary to your assertion, was not "a future retainer agreement". Rather, it was an agreement under which my firm was to be paid in the future for services that had already been rendered and accepted. Nevertheless, although no protest was ever made of the invoice or the fee agreement, neither was paid and the sums reflected thereunder remain due as of today's date. Accordingly, please inform your client, to the extent that it is affiliated with Ross University, that demand is hereby made of Ross University for payment of the outstanding sums together with interest due thereon.

If you wish to discuss either of the two matters above addressed, please do not hesitate to call.

Very truly yours,

Leonard A. Sclafani

LAS:rw

cc: PRYOR CASHMAN SHERMAN & FLYNN LLP