# Ross University

SCHOOL OF MEDICINE

October 6, 2000

Mr. Robert Ross
200 East End Avenue, 16EF
New York, New York 10028

Dear Bob:

I am writing to inform you that your employment by Dominica Management Inc., is hereby terminated. As set forth in my letters dated September 29th and October 2, 2000, the Company has engaged in an extensive review of your recent actions, including with outside counsel, in order to ascertain the appropriate response. Based upon the advice of counsel, legitimate business concerns and your refusal to resign, the Company has determined that it is necessary terminate your employment.

As you are aware, your employment with the Company is governed by an Employment Agreement dated April 13, 2000 (the "Employment Agreement"). Under the terms of the Employment Agreement, during the employment period, you are obligated to perform your duties "In a diligent, trustworthy, businesslike and efficient manner". Simply put, you have failed to honor these most basic obligations. Accordingly, the Company is exercising its right to terminate your employment for Cause, under Section 5(d)(i) of your Employment Agreement.

More specifically, Section 5(d)(i) of your Employment Agreement entitles the Company to terminate your employment for "Cause" for "the commission of a felony or other crime involving moral turpitude or the commission of any other act or omission involving dishonesty, disloyalty or fraud with respect to the Company or any of its Subsidiaries". In light of your repeated engagement in acts of dishonesty and disloyalty, the Company has ample grounds to terminate you for Cause.

First, the Company has grounds to terminate you because of your dishonesty in submitting a fraudulent agreement to the Company and asking the Company to honor that agreement. In particular, I am referring to the retainer agreement between Ross University and Leonard A. Sclafani, Esq., dated October 1, 1998 and bearing your name as signatory ("the Retainer Agreement"), which you presented is a valid contractual obligation of Ross University. Under the terms of the Retainer Agreement, Ross University allegedly agreed to provide Mr. Sclafani with $10,000 per month for a five-year period.

---

U.S. Inquiries c/o Dominica Management, Inc.   Telephone: (212) 279-5500   e-mail: friedm@rossmed.edu
460 West 34th Street, 12th Floor                Facsimile: (212) 629-3147
New York, NY 10001-2369

2.

In the process of making inquiries about the circumstances surrounding this Retainer Agreement, I gave you a number of opportunities to provide the rationale and/or truth surrounding the agreement. Instead, you opted to explain the extraordinary agreement by stating that you "were feeling generous" when you entered into the agreement. In response to my inquires about the validity of the Retainer Agreement, you repeatedly informed me that it was executed on the date set forth on the agreement and that the signature on the agreement was, in fact, your signature. Upon further inquiries, I have obtained definitive proof that not only did another individual sign the Retainer Agreement, but that it was created in December 1999 and backdated to October 1998.

Second, in addition to submitting and continuing to endorse a fraudulent document that purported to create a significant financial obligation for the Company and lying about the validity of the Retainer Agreement, you engaged in outrageous acts of disloyalty, further prompting the Company's decision to terminate you. On September 28, 2000 you made repeated threats to harm the company. Specifically, you threatened me "not to make an enemy" of you because you will be "very vindictive", "tear the place down", and "throw Ross University out of the lease". While making these threats, you engaged in the unprofessional act of physically poking me in the chest.

When questioned about these dishonest and disloyal acts, you continued to engage in inappropriate and unprofessional conduct, sending a letter dated September 28th that was filed with more lies and threats. Your failure to accept responsibility for your disloyal and dishonest conduct leaves me with no alternative but to terminate your employment, effective immediately. Accordingly, after October 6, 2000, the Company will cease paying your salary, providing you with insurance benefits, an office and a driver.

Finally, you have a legal obligation to promptly return in good condition any Company-owned property, including any Company files that you have maintained in your possession. If you have any questions regarding these matters, please contact me directly. On a final note, I want to express my regret that your tenure with Ross University must end in this manner. Unfortunately, your conduct has left me with no alternative.

Very truly yours,

*[signature]*

Timothy E. Foster