```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DOMINICA MANAGEMENT, INC.,
                                      Civil Action No.:
              Plaintiff,              04-CV-7675
                                      (Berman, J.)
         -against-                    (Maas, M.)

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE, NEAL S.          REPLY TO
SIMON and SOL WELTMAN,                COUNTERCLAIMS

              Defendants.

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

         Third-Party Plaintiff,

         -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

         Third-Party Defendant.
------------------------------------X
```

Plaintiff Dominica Management, Inc. ("DMI" or "plaintiff"), and purported third-party defendant Ross University School of Medicine ("Ross University",) by their attorneys, Cullen and Dykman LLP, replying to the Counterclaims of defendant and purported third-party plaintiff American University of Antigua ("AUA"), herein allege:

**REPLY TO COUNT I OF COUNTERCLAIMS
AND PURPORTED THIRD-PARTY COMPLAINT**

1.  Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of Count I of the Counterclaims and Purported Third-Party Complaint.

2. Admit the allegations contained in paragraph 2 of Count I of the Counterclaims and Purported Third-Party Complaint.

3. Admit that Ross University School of Medicine ("Ross") is an educational institution located on the island nation of Dominica and except as so admitted, deny the remaining allegations in paragraph 3 of Count I of the Counterclaims and Purported Third-Party Complaint.

4. Deny the allegations contained in paragraph 4 of Count I of the Counterclaims and Purported Third-Party Complaint and refer all questions of law to the Court at the trial of this action.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of Count I of the Counterclaims and Purported Third-Party Complaint.

6. Admit that DMI is an indirect owner of a majority interest in Ross University and that DeVry, Inc. is the parent corporation of DMI and Ross University, and except as so admitted, deny the remaining allegations contained in paragraph 6 of Count I of the Counterclaims and Purported Third-Party Complaint.

7. Admit the allegations in paragraph 7 of Count I of the Counterclaims and Purported Third-Party Complaint.

8. Deny the allegations in paragraph 8 of Count I of the Counterclaims and Purported Third-Party Complaint.

9. Deny the allegations in paragraph 9 of Count I of the Counterclaims and Purported Third-Party Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of Count I of the Counterclaims and Purported Third-Party Complaint.

11. Deny the allegations in paragraph 11 of Count I of the Counterclaims and Purported Third-Party Complaint.

12. Admit that at least one member of the staff of each hospital which Ross University offers students clinical clerkships are on Ross University faculty and except as so admitted, deny knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 12 of Count I of the Counterclaims and Purported Third-Party Complaint, and refer all questions of law to the Court at the trial of this action.

13. Deny the allegations in paragraph 13 of Count I of the Counterclaims and Purported Third-Party Complaint.

14. Deny the allegations in paragraph 14 of Count I of the Counterclaims and Purported Third-Party Complaint.

15. Deny the allegations in paragraph 15 of Count I of the Counterclaims and Purported Third-Party Complaint.

16.   Deny the allegations in paragraph 16 of Count I of the Counterclaims and Purported Third-Party Complaint.

17.   Deny the allegations in paragraph 17 of Count I of the Counterclaims and Purported Third-Party Complaint.

18.   Deny the allegations in paragraph 18 of Count I of the Counterclaims and Purported Third-Party Complaint and refer all questions of law to the Court at the trial of this action.

19.   Deny the allegations in paragraph 19 of Count I of the Counterclaims and Purported Third-Party Complaint.

20.   Deny the allegations in paragraph 20 of Count I of the Counterclaims and Purported Third-Party Complaint.

21.   Deny the allegations in paragraph 21 of Count I of the Counterclaims and Purported Third-Party Complaint.

### REPLY TO COUNT II OF COUNTERCLAIMS AND PURPORTED THIRD-PARTY COMPLAINT

22.   Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 21 as if fully set forth herein.

23.   Deny the allegations in paragraph 23 of Count II of the Counterclaims and Purported Third-Party Complaint.

24.   Deny the allegations in paragraph 24 of Count II of the Counterclaims and Purported Third-Party Complaint.

25.   Deny the allegations in paragraph 25 of Count II of the Counterclaims and Purported Third-Party Complaint.

### REPLY TO COUNT III OF COUNTERCLAIMS
### AND PURPORTED THIRD-PARTY COMPLAINT

26. Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 25 as if fully set forth herein.

27. Deny the allegations in paragraph 27 of Count III of the Counterclaims and Purported Third-Party Complaint.

28. Deny the allegations in paragraph 28 of Count III of the Counterclaims and Purported Third-Party Complaint.

29. Deny the allegations in paragraph 29 of Count III of the Counterclaims and Purported Third-Party Complaint.

30. Deny the allegations in paragraph 30 of Count III of the Counterclaims and Purported Third-Party Complaint.

31. Deny the allegations in paragraph 31 of Count III of the Counterclaims and Purported Third-Party Complaint.

### REPLY TO COUNT IV OF COUNTERCLAIMS
### AND PURPORTED THIRD-PARTY COMPLAINT

32. Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 31 as if fully set forth herein.

33. In response to the allegations in paragraph 33 of Count IV of the Counterclaims and Purported Third-Party Complaint, plaintiff and purported third-party defendant refer all questions of law to the Court at the trial of this action, and insofar as any further responses may be required, deny the

allegations in paragraph 33 of the Counterclaims and Purported Third-Party Complaint.

    34. In response to the allegations in paragraph 34 of Count IV of the Counterclaims and Purported Third-Party Complaint, plaintiff and purported third-party defendant refer all questions of law to the Court at the trial of this action, and insofar as any further responses may be required, deny the allegations in paragraph 34 of the Counterclaims and Purported Third-Party Complaint.

    35. Deny the allegations in paragraph 35 of Count IV of the Counterclaims and Purported Third-Party Complaint.

    36. Deny the allegations in paragraph 36 of Count IV of the Counterclaims and Purported Third-Party Complaint.

    37. Deny the allegations in paragraph 37 of Count IV of the Counterclaims and Purported Third-Party Complaint.

    38. Deny the allegations in paragraph 38 of Count IV of the Counterclaims and Purported Third-Party Complaint.

    39. Deny the allegations in paragraph 39 of Count IV of the Counterclaims and Purported Third-Party Complaint.

    40. Deny the allegations in paragraph 40 of Count IV of the Counterclaims and Purported Third-Party Complaint.

**REPLY TO COUNT V OF COUNTERCLAIMS**
**AND PURPORTED THIRD-PARTY COMPLAINT**

41.   Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 40 as if fully set forth herein.

42.   Deny the allegations in paragraph 42 of Count V of the Counterclaims and Purported Third-Party Complaint and refer all questions of law to the Court at the trial of this action.

43.   Deny the allegations in paragraph 43 of Count V of the Counterclaims and Purported Third-Party Complaint.

44.   Deny the allegations in paragraph 44 of Count V of the Counterclaims and Purported Third-Party Complaint.

**REPLY TO COUNT VI OF COUNTERCLAIMS**
**AND PURPORTED THIRD-PARTY COMPLAINT**

45.   Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 44 as if fully set forth herein.

46.   Admit that Simon and Angelakis were depicted on a video produced by Ross University during their employment at Ross University and except as so admitted deny the remaining allegations in paragraph 46 of Count VI of the Counterclaims and Purported Third-Party Complaint.

47.   Deny the allegations in paragraph 47 of Count VI of the Counterclaims and Purported Third-Party Complaint.

48. Admit that Simon and Angelakis are no longer employed by DMI, and except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 48 of Count VI of the Counterclaims and Purported Third-Party Complaint.

49. Deny the allegations in paragraph 49 of Count VI of the Counterclaims and Purported Third-Party Complaint.

50. Deny the allegations in paragraph 50 of Count VI of the Counterclaims and Purported Third-Party Complaint.

51. Deny the allegations in paragraph 51 of Count VI of the Counterclaims and Purported Third-Party Complaint and refer all questions of law to the Court at the trial of this action.

52. Deny the allegations in paragraph 52 of Count VI of the Counterclaims and Purported Third-Party Complaint.

### REPLY TO COUNT VII OF COUNTERCLAIMS AND PURPORTED THIRD-PARTY COMPLAINT

53. Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 52 as if fully set forth herein.

54. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of Count VII of the Counterclaims and Purported Third-Party Complaint.

55. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of Count VII of the Counterclaims and Purported Third-Party Complaint.

56. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of Count VII of the Counterclaims and Purported Third-Party Complaint.

57. Deny the allegations contained in paragraph 57 of Count VII of the Counterclaims and Purported Third-Party Complaint.

58. Deny the allegations contained in paragraph 58 of Count VII of the Counterclaims and Purported Third-Party Complaint.

59. Deny the allegations contained in paragraph 59 of Count VII of the Counterclaims and Purported Third-Party Complaint.

60. Deny the allegations contained in paragraph 60 of Count VII of the Counterclaims and Purported Third-Party Complaint.

**REPLY TO COUNT VIII OF COUNTERCLAIMS
AND PURPORTED THIRD-PARTY COMPLAINT**

61. Plaintiff and purported third-party defendant repeat and reallege their replies to Counterclaims paragraphs 1 through 60 as if fully set forth herein.

62. Deny the allegations contained in paragraph 62 of Count VIII of the Counterclaims and Purported Third-Party Complaint.

63. Deny the allegations contained in paragraph 63 of Count VIII of the Counterclaims and Purported Third-Party Complaint.

64. Deny the allegations contained in paragraph 64 of Count VIII of the Counterclaims and Purported Third-Party Complaint.

65. Deny the allegations contained in paragraph 65 of Count VIII of the Counterclaims and Purported Third-Party Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66. AUA fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. AUA lacks standing to assert the claims asserted in the Counterclaims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68. This Court lacks subject matter jurisdiction over AUA's claims.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

69.  AUA is not a competitor in the relevant market.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

70.  Ross University does not have a substantial share of the relevant market.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

71.  Ross University does not have the power to exclude competition.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

72.  Ross University does not have the intent to monopolize.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

73.  AUA has not suffered any injury to its business by reason of any act or omission by Ross University.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

74.  AUA's Counterclaims are barred by the doctrine of unclean hands.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

63. Ross University was unaware of the contractual relationship between AUA and Birgit Nardel.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

64.  Any cancellation of a contract between Nardel and AUA was caused by reasons other than those alleged in the complaint.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

65.   The statements alleged by plaintiff to be defamatory are true.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

66.   There is no basis for a third-party claim against Ross University since AUA is not claiming that Ross University is or may be liable to AUA for all or part of plaintiff's claims against AUA.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

67. Plaintiff has failed to plead the alleged defamatory statements with the particularity required.

WHEREFORE, plaintiff and counterclaim defendant DMI and purported third-party defendant Ross University demand judgment dismissing the Counterclaims, and for such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

Dated:   Garden City, New York
         August 22, 2005

                              CULLEN AND DYKMAN LLP


                              /s/ Peter J. Mastaglio
                              Peter J. Mastaglio (PM 8303)
                              Attorneys for Plaintiff
                              100 Quentin Roosevelt Boulevard
                              Garden City, New York 11530
                              (516) 357-3700

Ronald H. Schechtman, Esq.
Pryor Cashman Sherman & Flynn LLP
Attorneys for Defendant American
University of Antigua College of Medicine
410 Park Avenue
New York, New York 10022-4441

Leonard A. Sclafani, Esq.
Polatsek and Sclafani
Attorneys for Defendant Neal Simon
18 East 41st Street, Suite 1500
New York, New York 10017