UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
DOMINICA MANAGEMENT, INC.                 04 Civ. 7675 (RMB) (FM)

                    Plaintiff,            **ANSWER AND COUNTERCLAIMS**

          -against-

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE, NEAL S.
SIMON and SOL WELTMAN

                    Defendants.
- - - - - - - - - - - - - - - - - - -X

     Defendant Neal Simon ("Simon"), by and through its counsel,
Polatsek & Sclafani, hereby responds to the complaint of
plaintiff Dominica Management, Inc. ("DMI") (the "Complaint") and
alleges as follows:


     1.   Denies the allegations contained in paragraph "1" of
the Complaint and leaves to the Court the determination of all
questions of law.


     2.   Denies the allegations contained in paragraph "2" of
the Complaint and leaves to the Court the determination of all
questions of law.


     3.   Denies the allegations contained in paragraph "3" of
the Complaint and leaves to the Court the determination of all
questions of law.

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5.   Denies the allegations set forth in paragraph "5" of the Complaint.

6.   Denies the allegations contained in paragraph "6" of the Complaint and leaves to the Court the determination of all questions of law.

7.   Denies the allegations set forth in paragraph "7" of the Complaint.

8.   Denies the allegations contained in paragraph "8" of the Complaint.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.   Denies the allegations set forth in paragraph "17" of

the Complaint.

18.   Denies the allegations set forth in paragraph "18" of
the Complaint.

19.   Denies the allegations contained in paragraph "19" and
refers the Court to the writing referenced therein or the true
meaning, terms, conditions and provisions thereof.

20.   Denies the allegations contained in paragraph "20" of
the Complaint and leaves to the Court the determination of all
questions of law.

21.   Denies knowledge or information sufficient to form a
belief as to the truth of the allegations set forth in paragraph
"21" of the Complaint.

22.   Denies knowledge or information sufficient to form a
belief as to the truth of the allegations set forth in paragraph
"22" of the Complaint.

23.   Denies knowledge or information sufficient to form a
belief as to the truth of the allegations set forth in paragraph
"23" of the Complaint.

24.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.   Admits the allegations set forth in paragraph "28" of the Complaint.

29.   Admits the allegations set forth in paragraph "29" of the Complaint.

30.   Admits the allegations set forth in paragraph "30" of the Complaint.

31.  Denies the allegations set forth in paragraph "31" of the Complaint and leaves to the Court the determination of all questions of law.

32.  Admits that Simon had access to the yearbook as a member of the general public.

33.  Admits that defendant American University of Antigua has caused to be published at various times documents that have been entitled American University of Antigua, College of Medicine Student Handbook, admits that, at various times, one or another of those documents has been available to the public on the website at auamed.org, and otherwise denies the allegations set forth in paragraph "33" of the Complaint.

34.  Admits that AUA has maintained, at various times, student handbooks that contain some of the rules and regulations for students attending the university and otherwise denies the allegations set forth in paragraph "34" of the Complaint.

35.  Denies the allegations contained in paragraph "35" of the Complaint.

36.  Denies the allegations set forth in paragraph "36" of the Complaint.

37.   Denies the allegations set forth in paragraph "37" of the Complaint.

38.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.   Denies the allegations contained in paragraph "42" of the Complaint and leaves to the Court the determination of all questions of law.

43.   Denies that defendant Weltman converted "proprietary software created for and utilized by DMI for use by defendant

AUA" and otherwise lacks knowledge or information sufficient form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.   Denies the truth of the allegations set forth in paragraph "45" of the Complaint.

46.   Denies the truth of the allegations set forth in paragraph "46" of the Complaint.

47.   In response to paragraph "47" of the Complaint, repeats and realleges its responses to the allegations set forth in paragraphs "1" through "46" of the Complaint as if they were fully set forth herein.

48.   Admits that AUA and Simon has access to the 2002 Student Handbook as members of the general public and otherwise deny the allegations set forth in paragraph "48" of the Complaint.

49.   Admits the allegations set forth in paragraph "49" of

the Complaint.

     50.  Admits the allegations set forth in paragraph "50" of the Complaint.

     51.  Denies the allegations set forth in paragraph "51" of the Complaint.

     52.  Denies the allegations set forth in paragraph "52" of the Complaint.

     53.  Denies the allegations set forth in paragraph "53" of the Complaint.

     54.  Denies the allegations set forth in paragraph "54" of the Complaint.

     55.  Denies the allegations set forth in paragraph "55" of the Complaint.

     56.  Denies the allegations set forth in paragraph "56" of the Complaint.

     57.  Denies the allegations set forth in paragraph "57" of the Complaint.

58.   In response to paragraph "58" of the Complaint, repeats and realleges the allegations set forth in paragraphs "1" through "57" of plaintiff's Complaint with the same force and effect as if they were set forth fully herein.

59.   Denies the allegations set forth in paragraph "59" of the Complaint and leaves to the Court the determination of all questions of law.

60.   Denies the allegations set forth in paragraph "60" of the Complaint.

61.   Denies the allegations set forth in paragraph "61" of the Complaint.

62.   Denies the allegations set forth in paragraph "62" of the Complaint.

63.   Denies the allegations set forth in paragraph "63" of the Complaint.

64.   Denies the allegations set forth in paragraph "64" of the Complaint.

65.   In response to paragraph "65" of the Complaint, repeats

and realleges its responses to the allegations set forth in paragraphs "1" through "64" of the Complaint as if fully set forth herein.

66.    Denies the allegations set forth in paragraph "66" of the Complaint.

67.    Denies the allegations set forth in paragraph "67" of the Complaint.

68.    Denies the allegations set forth in paragraph "68" of the Complaint.

69.    Denies the allegations set forth in paragraph "69" of the Complaint.

70.    Denies the allegations set forth in paragraph "70" of the Complaint.

71.    In response to paragraph "71" of the Complaint, repeats and realleges its responses to the allegations set forth in paragraphs "1" through "70" of the Complaint as if fully set forth herein.

72.    Denies the allegations set forth in paragraph "72" of

the Complaint.

73.   Denies the allegations set forth in paragraph "73" of the Complaint.

74.   Denies the allegations set forth in paragraph "74" of the Complaint.

75.   Denies the allegations set forth in paragraph "75" of the Complaint.

76.   Denies the allegations set forth in paragraph "76" of the Complaint.

77.   Denies the allegations set forth in paragraph "77" of the Complaint.

78.   In response to paragraph "78" of the Complaint, repeats and realleges its responses to the allegations set forth in paragraphs "1" through "77" of the Complaint as if fully set forth herein.

79.   Denies the allegations set forth in paragraph "79" of the Complaint.

80.   Denies the allegations set forth in paragraph "80" of the Complaint.

81.   Denies the allegations set forth in paragraph "81" of the Complaint.

82.   In response to paragraph "82" of the Complaint, defendant repeats its responses to the allegations set forth in paragraphs "1" through "81" of the Complaint as if fully set forth herein.

83.   Denies the allegations set forth in paragraph "83" of the Complaint.

84.   Denies the allegations set forth in paragraph "84" of the Complaint.

85.   Denies the allegations set forth in paragraph "85" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

86.   The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

87.   This Court lacks jurisdiction over the subject matter of this action.

## THIRD AFFIRMATIVE DEFENSE

88.   The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

89.   The Complaint is barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

90.   The Complaint is barred, in whole or in part, by plaintiff's unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

91.   Plaintiff  lacks standing to assert the claims stated in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

92.  Plaintiff's claims are barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

93.  Plaintiff's Copyright Claim is barred because those elements and/or portions of plaintiff's works which defendants allegedly infringed do not constitute subject matter protected by the United States Copyright Act, by any other statute of the United States or any state thereof, or by common law.

## NINTH AFFIRMATIVE DEFENSE

94.  Plaintiff's claim for copyright infringement is barred because any alleged use of any portion of plaintiff's alleged copyrighted works was de minimis and/or immaterial and thus, does not constitute copyright infringement.

## TENTH AFFIRMATIVE DEFENSE

95.  Plaintiff's claim for copyright infringement is barred because any alleged use of plaintiff's alleged copyrighted works was a fair use pursuant to 17 U.S.C. § 107.

ELEVENTH AFFIRMATIVE DEFENSE

96.   Plaintiff's claim for copyright infringement is barred because plaintiff's alleged copyright registration does not cover the material allegedly infringed.

TWELFTH AFFIRMATIVE DEFENSE

97.   Plaintiff's claim for copyright infringement is barred because defendants' alleged copying of plaintiff's handbook does not amount to an unlawful appropriation.

THIRTEENTH AFFIRMATIVE DEFENSE

98.   Plaintiff's claim for copyright infringement is barred because there is no substantial similarity between plaintiff's handbook and defendant AUA's handbook.

FOURTEENTH AFFIRMATIVE DEFENSE

99.   Plaintiff's claims for misappropriation of trade secrets and confidential information is barred because defendant never obtained or used plaintiff's allegedly proprietary information.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

100. Plaintiff's claims for misappropriation of trade secrets and confidential information is barred because the computer system and other purportedly confidential information at issue is not plaintiff's property or not a bona fide trade secret.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

101. Plaintiff's claims for misappropriation of trade secrets and confidential information is barred because plaintiff has taken no steps to protect the confidentiality of its purported trade secrets or confidential information.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

102. Plaintiff's claims for misappropriation of trade secrets and confidential information are barred because plaintiff has not suffered any damages attributable to defendants' alleged misappropriation.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

103. Plaintiff's claim for aiding and abetting a breach of the duty of loyalty is barred because defendants had no actual or constructive knowledge of a duty that former defendant Weltman owed to plaintiff and breached.

## NINETEENTH AFFIRMATIVE DEFENSE

104. Plaintiff's claim for aiding and abetting a breach of the duty of loyalty is barred because defendants did not knowingly participate in a breach by Weltman of his duty of loyalty.

## TWENTIETH AFFIRMATIVE DEFENSE

105. Plaintiff's claim for aiding and abetting a breach of the duty of loyalty is barred because plaintiff has suffered no damages attributable to Weltman's alleged breach of his duty of loyalty and/or defendants' alleged aiding and abetting of said alleged breach.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

106. Plaintiff's claim for unjust enrichment is barred because defendants never purchased or used any allegedly proprietary and/or confidential material belonging to plaintiff.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

107. Plaintiff's claim for unfair competition is barred because defendants never misappropriated or exploited any allegedly confidential and/or proprietary material belonging to plaintiff.

<u>AS AND FOR A FIRST COUNTERCLAIM</u>

1. Counterclaimant Simon is an individual domiciled in the State of New Jersey.

2. Upon information and belief, counterclaim defendant DMI is a corporation organized under the laws of New York with its principal office located at 499 Thornall Street, 20th Floor, Edison, New Jersey 08837.

3. Neal Simon is the president of defendant AUA, an educational institution located on the island nation of Antigua.

4. This Court has supplemental and pendent jurisdiction over the counterclaims and third-party claims asserted by Simon herein based on 28 U.S.C. § 1367 as they are so related to

plaintiff's claims that they form part of the same case or controversy and arise from the same common nucleus of operative facts, and also pursuant to 15 U.S.C. § 1, et seq.

5.   AUA is a fledgling medical school located on the Caribbean island of Antigua that enrolled its first class of medical students in 2004.  AUA's current enrollment is approximately 250 medical students.  AUA employs approximately twenty physicians as full-time faculty.

6.   DMI is a management company owned by DeVry, Inc., a large public corporation with a market capitalization of almost $1.5 billion, which acts as a manager of Ross, which DeVry also owns through wholly-owned subsidiaries and controls in all material respects.  Ross and DMI are referred to collectively herein as "DMI".

7.   Since AUA's inception in 2003, DMI has embarked upon a pattern of unlawful conduct designed to stifle and undermine AUA's ability to compete with it and has, as part of that conduct, sought to injure counterclaimaint.

8.   Simon repeats and realleges the allegations set forth in paragraphs 1 through 7 above as if fully set forth herein.

9.   In or around 2002, Neal Simon, then President of Ross, and Evan Angelakis, then Provost of Ross, were filmed by Ross for the purposes of a video promoting Ross.

10.   In the video, Simon and Angelakis are depicted as the President and Provost, respectively, of Ross and both provide endorsements of Ross.

11.   Simon and Angelakis left their employment with Ross in or around the spring of  2003, and both are now officers of AUA, which is in direct competition with Ross.

12.   Although both Angelakis and Simon were no longer Ross employees, Ross continued to show and distribute the video in New York State and throughout the United States, representing that Angelakis and Simon were still officers of DMI and still endorsed Ross.  Those representations were false and Ross knew they were false as and when they were made.

13.   In fact, subsequent to the making of the video, Simon and Angelikos terminated their employment with Ross, the ownership of Ross changed hands at least twice, Ross underwent a substantial corporate reorganization, and both Angelikos and Simon withdrew their endorsement of Ross.  In or January of 2005, Simon instructed DMI to cease using his image in the video for

that reason.  DMI nonetheless continued to distribute the video
containing the representations of Simon and Angelakis, which DMI
and Ross was on notice were no longer true.  DMI continued to
show the video knowing that it was no longer true precisely
because Simon and Angelikos were officers of this competitor,
AUA.

14.  Because neither Simon nor Angelakis currently endorse
DMU, DMI's distribution of the video amounts to a
misrepresentation under United States Education Law 20 USC §
1094(c)(3), 34 CFR § 668.71, 72, and all other applicable laws
and regulations.

15.  As a result of DMI's tortious conduct in this regard,
Simon has been damaged in an amount to be determined at trial,
which amount is not less than $1,000,000.

WHEREFORE, Simon requests that this court dismiss
plaintiff's Complaint in its entirety, and enter judgment in
Simon's favor as follows:

a)  On his First Counterclaim, in favor of Simon and against
DMI in an amount to be established at trial, but believed to be
in excess of $1 million;

b)   Interest, costs, disbursements, attorneys' fees, and such other, further and different relief as this Court may deem just and proper.

Dated:    New York
          August 12, 2005

                              POLATSEK & SCLAFANI
                              Attorneys for Defendant Neal Simon
                              18 East 41st Street - Suite 1500
                              New York, New York 10017
                              (212)696-9880

                              By:_____
                                  LEONARD A. SCLAFANI