**MEMO ENDORSED**

*and served*

# CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

PETER J. MASTAGLIO
DIRECT: 516-357-3751
DIRECT FAX: 516-296-9155
E-MAIL PMASTAGLIO@CULLENANDDYKMAN.COM

*I see no need for a conference in this case. Any answers to the amended complaint shall be filed by September 12, 2005. Any replies to counterclaims in these answers shall be served and filed by 9/15/2005. Any supplemental discovery requests shall be served and filed by 9/21/2005; the replies to responses thereto shall be 9/28/05. All other dates remain unchanged. F. Maas, USMJ, 9/6/05*

**FEDERAL EXPRESS**

September 1, 2005

Honorable Frank Maas
United States Magistrate Judge
United States District Court-Southern District of New York
500 Pearl Street
New York, New York 10007

*U.S. DISTRICT COURT FILED SEP -8 2005 S.D. OF N.Y.*

Re:   Dominica Management, Inc. v. American University of
      Antigua College of Medicine, Neal S. Simon and Sol Weltman
      Civil Action No. 04-CV-7675

Dear Judge Maas:

This firm represents the plaintiff in the above action. The purpose of this letter is to request a pre-motion conference as to plaintiff's contemplated motion to compel defendant Simon to accept plaintiff's Reply to Simon's Counterclaim. Your Honor's Rule of Practice 2(A) states that pre-motion conferences are not required in this instance, but it does not preclude their use. I thought it best to seek to have the issue described below resolved, if possible, by conference.

Since the motion is premised on Mr. Sclafani's letter to me of August 26, 2005 (attached as Exhibit "A") rejecting service of plaintiff's Reply and that letter refers to plaintiff's earlier service of an Amended Complaint allegedly "on the eve of the deadline for" Mr. Simon's Answer to the Complaint, which deadline was established by Your Honor at the conference on July 22, 2005, I begin the discussion with a reference to that conference.

### July 22, 2005 Conference

At that conference the Court set August 12 for service of the Answers, August 22 for service of a Reply to any counterclaims and August 30 for service of discovery demands. Since I had discussed with the Court at that conference two new claims involving (1) a possible misleading application by AUA to Antigua for medical school approval and (2) possible recruitment of Ross University School of Medicine ("Ross")

MICROFILM SEP - 9 2005 9:12 AM

*Founded 1850*

BROOKLYN          LONG ISLAND          MANHATTAN          WASHINGTON, D.C.          NEW JERSEY

CULLENandDYKMANLLP

Honorable Frank Maas  September 1, 2005
United States District Judge  Page 2

students by an AUA professor on Ross' campus in Dominica, and had also advised the Court that DMI was not yet ready to amend its Complaint to add those claims, I answered in the negative when Your Honor asked whether Ross intended to amend its Complaint. In fact, as the days passed, it was decided that, rather than increase the claims, Ross would eliminate certain claims that had been discussed with the Court at prior court appearances. Specifically, Ross decided to:

a. eliminate two of the five instances of misappropriation of trade secrets alleged in paragraph 46 of the original Complaint, viz., those relating to the wrongful obtaining of information regarding DMI's strategy in dealing with state licensing authorities and relating to Ross' corporate reorganization plans;

b. eliminate the allegations in the Count against Mr. Weltman against whom the action had been discontinued and renumber the remaining paragraphs; and

c. eliminate a statement in paragraph 45 regarding the value of AUA's savings in purchasing computer software.

## Amendment of Complaint

Permission from the client to make those changes was not received until approximately August 10, 2005 and on that date (two days before the Answers were due) service of copies of the Amended Complaint were made on Mr. Sclafani and on the Pryor Cashman firm by facsimile transmission and by regular mail. A copy of my transmittal letter explaining those slight changes is attached as Exhibit "B". During the afternoon of August 11, I received a telephone call from James O'Brien of Pryor Cashman who advised that he was preparing an Answer to the original Complaint and that, because of the service of the Amended Complaint, he believed that he should be entitled to the statutory period to answer. When I advised him of the Court's deadline, he unsuccessfully attempted to reach the Court to obtain an additional extension. Mr. O'Brien's letter to me of August 12 is attached as Exhibit "C".

On or about Monday, August 15, I received a call from Mr. Zuckerberg of Pryor Cashman who advised that his firm would be answering that day only the original Complaint and that an Answer to the Amended Complaint would be filed in due course. I did not object to that procedure. In fact, Mr. Zuckerberg called yesterday and advised that the Answer to the Amended Complaint is being served today.

CULLENandDYKMANLLP

Honorable Frank Maas  
United States District Judge

September 1, 2005  
Page 3

Mr. Sclafani likewise served an Answer on August 12, 2005 to the original Complaint. His letter of August 16, 2005 on the subject is attached as Exhibit "D".

### Replies to Counterclaims

Since both Answers contained Counterclaims, DMI and Ross, a purported third-party defendant (it is actually an additional defendant on AUA's Counterclaims) prepared their Replies. Those Replies were mailed on August 22, 2005 to Pryor Cashman at its correct address but unfortunately to Mr. Sclafani at an old address in this action which had been superseded by timely notice. They were also filed with the Court on August 22 pursuant to the Court's Electronic Case Filing ("ECF") Procedures. While ECF seems to be mandatory in this case, it appears that Mr. Sclafani did not register in the system and, as a result, he did not receive immediate notice from the Clerk of the electronic filing of the Replies. It appears that the overnight mail envelope addressed to Mr. Sclafani's old address was received by him on August 26, 2005.

This firm regrets the mistake even though technically under Local Civil Rules 5.2 service and filing by electronic means is deemed service and filing under Fed. R. Civ. P. 5.[1] Counsel's address is listed at the end of the Reply properly as the 18 East 41st Street address, but my secretary who served the papers used an address from a prior affidavit of service which contained Mr. Sclafani's old address. I did not pick up that mistake.

In his most recent letter of August 26 (Exhibit "A"), Mr. Sclafani claims that by his late receipt of the misaddressed overnight mail envelope and the two Replies he was prejudiced because somehow the lack of a reply to a counterclaim affected his ability to formulate discovery demands. He states that he is therefore rejecting service of the Reply to Mr. Simon's Counterclaims, is holding DMI in default and that his client will be seeking to enter a default judgment. He also contends that the use of the old address was part of a "prejudicial strategy" used by counsel for plaintiff.

---

[1] Under paragraph 9 of the Procedures for Electronic Case Filing - Southern District "transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of that document upon any Filing User in that case." Mr. Sclafani does not appear to be a "Filing User" in this case.

CULLENandDYKMANLLP

Honorable Frank Maas  
United States District Judge

September 1, 2005  
Page 4

### Relief Sought

If this matter cannot be resolved at a conference, DMI and Ross intend to seek Court permission to make an appropriate motion. It is DMI and Ross' position that the use of Mr. Sclafani's wrong address was inadvertent and non-prejudicial and that, in any event, the Replies that were previously served will be superseded by Amended Replies that will be addressed to the recently-served Answers to the Amended Complaint. As discussed with Mr. Zuckerberg and confirmed by e-mail with him, the Amended Replies will contain an additional "lack of personal jurisdiction over Ross in New York" affirmative defense.

Respectfully yours,

Peter J. Mastaglio (PM 8303)

PJM:LZ  
Encs.  
CC: Leonard A. Sclafani, Esq.  
    Ronald H. Schechtman, Esq.  
    (via Federal Express)