UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINICA MANAGEMENT, INC.,

                Plaintiff,

     -against-

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE, NEAL S.
SIMON and SOL WELTMAN,

                Defendants.

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE,

              Third-Party Plaintiff,

     -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

              Third-Party Defendant.
------------------------------------------------------------X

Civil Action No.:
04-CV-7675
(Berman, J.)
(Maas, M.J.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/05

**MEMO ENDORSED**

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT (the "Stipulation") is made and entered into as of October __, 2005 by and among Dominica Management Inc., ("DMI"), Ross University School of Medicine School of Veterinary Medicine Limited, sued herein as Ross University School of Medicine ("Ross"), American University of Antigua College of Medicine ("AUA"), and Neal Simon ("Simon") (referred to herein collectively as the "Parties," and when appropriate, referred to in the singular form as either a "Party" or its name as abbreviated above).

435744v2          1

WHEREAS, DMI initiated an action against AUA and Simon (hereinafter sometimes referred to collectively as the "AUA Parties") in the United States District Court for the Southern District of New York by service of an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, dated September 29, 2004 with a Summons and Complaint, Index No. 04 Civ. 7675 (RMB)(FM) (the "Action"); and

WHEREAS, DMI served an Amended Complaint, dated August 10, 2005; and

WHEREAS, AUA and Simon have answered the Amended Complaint and asserted counter-claims against DMI and Ross (hereinafter sometimes referred to collectively as the "Ross Parties"); and

WHEREAS, the Parties are desirous of settling the Action and all other claims and allegations which the Parties have made against one another;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the undersigned Parties hereby agree as follows:

1. <u>Other Proceedings</u>. Other than the claims and counter-claims asserted in the Action, the Parties represent and warrant that they are aware of no other claims against each other, other than those asserted in the Action, and know of no other claims filed against each other in any court, arbitration, or any other forum other than those asserted in the Action.

2. <u>Definition of Confidential Information</u>. The term "Confidential Information" is defined for purposes of this Stipulation as any compilation, statement or representation of confidential information, formula or device used by any Party in, or relating to, its business, that: (i) is of interest and value to the Party's competitors; and (ii) is capable of use to the material detriment of the Party or provides the Party or its competitors with competitive advantage; and (iii) is maintained in confidence by the Party. The term "Confidential Information" includes, without limitation, the Prospects Tracking System developed by and for the exclusive use of the Ross Parties; any proprietary software created by, or for the exclusive use of, any Party; and any compilation of applicant or student names or grades which compilation is maintained confidentially. The term "Confidential Information" does not include information: (i) that is, at the time of its use by another Party, or subsequently thereto becomes generally known to the public or within the business or segment of the business to which such information relates or is obtained or developed independently, without in either instance violation by the using Party of any of its obligations hereunder and absent any action by any representative, agent, advisor, officer, employee or director of the using Party that makes the information public or known in the business community; or (ii) that such using Party has received at any time prior to its use by such Party from a third-party that is under no obligation of confidentiality with respect thereto, or, (iii) that the Party who owns, has compiled or maintains is under a duty or obligation, pursuant to law or court order, to disclose to, or make available for the use by any other person or entity, including any other Party; or (iv) provided by a Party or its officers or employees to a

Party in response to a student authorized request for such student's academic information, including, but not limited to, academic transcripts.

3. <u>Non-Solicitation by The AUA Parties</u>. The AUA Parties shall not knowingly use or possess, solicit, accept or obtain, directly or indirectly, from the Ross Parties or from any of their employees, former employees, agents, officers, directors, or representatives, any Confidential Information of the Ross Parties in whatever form or medium, including, but not limited to, electronic and paper.

4. <u>Non-Solicitation by the Ross Parties</u>. The Ross Parties shall not knowingly use or possess, solicit, accept or obtain, directly or indirectly, from AUA and/or any of its employees, former employees, agents, officers, directors, or representatives any Confidential Information of the AUA Parties, in whatever form or medium, including, but not limited to, electronic and paper.

5. <u>Use of Copyrighted Materials</u>. The AUA Parties shall not knowingly use, directly or indirectly, through themselves or through others any materials that are subject to a valid and effective copyright of the Ross Parties. The Ross Parties shall not knowingly use, directly or indirectly, through themselves or through others, any materials that are subject to a valid and effective copyright of the AUA Parties. The Parties agree that AUA's 2005 Student Handbook (a copy of which has been supplied to counsel for the Ross Parties) does not violate any enforceable copyright of the Ross Parties.

6.  <u>Representations</u>:

(a) The AUA Parties, jointly and severally, represent and warrant by signing below, that, to their knowledge, none of AUA, Simon, or anyone acting pursuant to their direction, or request, implied or otherwise, or in the AUA Parties' employ, has ever represented to the government of Antigua that AUA is, would be, or has been, affiliated with, or is related to the Ross Parties, or is, would be, or has been, in any other way connected with the Ross Parties.

(b) The AUA Parties represent and warrant that they have no documents or other materials in their possession or under their control which reflect, memorialize or relate to any correspondence or communication prior to December 5, 2002 between the government of Antigua and either of AUA or Simon or anyone acting on behalf of either of them.

(c) The AUA Parties, jointly and severally, represent and warrant, by signing below, that neither AUA nor Simon directly or indirectly, through their employees, agents, officers, directors, representatives or any other persons, knowingly represented to any student whose application was rejected or accepted by Ross that AUA was, or is, affiliated with Ross, and that neither AUA nor Simon, directly or indirectly, through their employees, agents, officers, directors, representatives or any other persons, represented to any student whose application was rejected or accepted by Ross, that AUA's management had learned from any of the Ross Parties, their agents, servants or employees that that student's application was accepted or rejected by Ross.

(d)     The AUA Parties, jointly and severally, represent and warrant, by signing below, that to the best of the knowledge of Simon and the current executive management of AUA, neither AUA nor Simon directly or indirectly, through their employees, agents, officers, directors, or representatives knowingly used, or solicited, accepted or obtained either the Prospects Tracking System developed by and for the exclusive use of the Ross Parties or a compilation of names of prospective students whose applications for admission as students of Ross University had been rejected by Ross or to the best of their knowledge any other Confidential Information of the Ross Parties as defined in paragraph 2 above.

(e)     The Ross Parties, jointly and severally, represent and warrant, by signing below that to the best of the knowledge of their current executive management, neither DMI nor Ross directly or indirectly, through their employees, agents, officers, directors, or representatives knowingly used, or solicited, accepted or obtained any Confidential Information of the AUA Parties as defined in Paragraph 2 above.

7.     <u>Policies Regarding Clinical Faculty</u>.  The Ross Parties agree that they shall not establish or enforce, directly or indirectly, any policies, procedures, guidelines, practices, methodologies, or any other vehicles which restrict a member of Ross' clinical faculty who is not a bona fide departmental clinical chair of one of the Ross Parties or who does not otherwise have a bona fide, full time management, executive, departmental or faculty position at the Ross Parties from employment by, or association with, AUA.

The AUA Parties agree that they shall not establish or enforce, directly or indirectly, any policies, procedures, guidelines, practices, methodologies, or any other vehicles which restrict a member of AUA's clinical faculty, who is not a bona fide departmental clinical chair or who does not otherwise have a bona fide, full time, management, executive, departmental or faculty position at AUA, from employment by, or association with, the Ross Parties.

8.  Use of Image and Likeness. The AUA Parties agree not to knowingly use the image or likeness of any DMI or Ross student, employee, faculty member or officer in any promotional material without the express written consent of such student, employee, faculty member or officer. The Ross Parties agree not to knowingly use the image or likeness of any AUA student, employee, faculty member or officer in any promotional material without the express written consent of such student, employee, faculty member or officer.

9.  Employee Contact. The AUA Parties agree not to contact Ross or DMI employees concerning Confidential Information as defined in paragraph 2, except for lawfully authorized student requests for academic transcripts, without the prior written permission of the President of Ross. The Ross Parties agree not to contact AUA employees concerning Confidential Information as defined in paragraph 2, except for lawfully authorized student requests for academic transcripts, without the prior written permission of the President of AUA. The Parties agree that all contacts between the

Parties regarding Confidential Information shall be between the Presidents of the respective institutions.

10. <u>Release by the Ross Parties</u>. The Ross Parties agree, jointly and severally, to mutually release and forever discharge the AUA Parties, and any of their affiliates and related companies, directors, officers and representatives, and each of their predecessors, successors and assigns, from all known claims, suits, causes or damages which they now may have, or believe that they may have of whatever kind or nature, from the beginning of time until the date hereof, except for any claim asserted to enforce the terms of this Stipulation and/or for breach of the representations and warranties of either of the AUA Parties set forth herein.

11. <u>Release by the AUA Parties</u>. The AUA Parties agree, jointly and severally, to mutually release and forever discharge the Ross Parties, and any of their affiliates and related companies, and each of their directors, officers and representatives, and each of their predecessors, successors and assigns, from all known claims, suits, causes or damages which they now may have, or believe that they may have, of whatever kind or nature, from the beginning of time until the date hereof, except for any claim asserted to enforce the terms of this Stipulation; and/or for breach of the representations and warranties of either of the Ross Parties set forth herein. The parties acknowledge that one or both of the Ross Parties are administering a 401-K Plan on behalf of Simon who does not release the Ross Parties from any obligation that they may have with respect to that 401-K Plan balance. Simon, however, represents and warrants that he neither knows

of, nor has reason to believe that he presently has, any claim against either of the Ross Parties with respect to that Plan balance.

12. <u>Governing Law.</u> This Stipulation of Settlement shall be governed by, construed and enforced in accordance with the laws of the State of New York without giving effect to doctrines relating to conflicts of laws.

13. <u>Amendments; Waivers.</u> This Stipulation of Settlement may not be modified, amended or terminated except by an instrument in writing, signed by each of the parties affected thereby. No failure to exercise, and no delay in exercising, any right, remedy, or power under this Stipulation of Settlement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Stipulation of Settlement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity.

14. <u>Damages</u>. The Parties agree that the obligations of this Stipulation, after it is So Ordered by the Court, shall be enforceable by a plenary action or motion for contempt.

15. <u>Withdrawal of Claims.</u> The Parties shall withdraw with prejudice the above-referenced action and each of their respective claims and counter-claims as and against all adverse Parties, without costs. Each Party shall be responsible for its own legal fees and expenses.

16. <u>Counterparts</u>.  This Stipulation may be executed in counterparts, each of which shall be deemed an original signature for all purposes.

DATED: October    , 2005

**DOMINICA MANAGEMENT, INC.**

By: _____

NAME: Thomas C Shepherd

TITLE: President

DATED: October    , 2005

**ROSS UNIVERSITY SCHOOL OF MEDICINE SCHOOL OF VETERINARY MEDICINE LIMITED**

By: _____

NAME: Thomas C Shepherd

TITLE: President

DATED: October    , 2005

**NEAL S. SIMON**

_____

DATED: October    , 2005

**AMERICAN UNIVERSITY OF ANTIGUA**

By: _____

NAME: _____

TITLE: _____

DATED: October    , 2005

**CULLEN AND DYKMAN LLP**
Attorneys for Plaintiff Dominica Management, Inc. and Purported Third-Party Defendant Ross University School of Medicine

By: _____ (PM 8303)
Peter J. Mastaglio

435744v2

10

16. <u>Counterparts</u>. This Stipulation may be executed in counterparts, each of which shall be deemed an original signature for all purposes.

**DOMINICA MANAGEMENT, INC.**

DATED: October   , 2005

By:_____

NAME:_____

TITLE:_____

**ROSS UNIVERSITY SCHOOL OF MEDICINE SCHOOL OF VETERINARY MEDICINE LIMITED**

DATED: October   , 2005

By:_____

NAME:_____

TITLE:_____

**NEAL S. SIMON**

DATED: October   , 2005

**AMERICAN UNIVERSITY OF ANTIGUA**

DATED: October   , 2005

By: _____

NAME: Neal S. Simon

TITLE: President

DATED: October   , 2005

**CULLEN AND DYKMAN LLP**
Attorneys for Plaintiff Dominica Management, Inc. and Purported Third-Party Defendant Ross University School of Medicine

By:_____
Peter J. Mastaglio

435744v2

10

DATED: October /7, 2005      **PRYOR CASHMAN SHERMAN AND FLYNN LLP**
Attorneys for Defendant and Third-Party Plaintiff American University of Antigua College of Medicine

By: /s/ Ronald H. Shechtman
Ronald H. Shechtman

DATED: October   , 2005      **POLATSEK AND SCLAFANI**
Attorneys for Defendant and Third-Party Plaintiff Neal S. Simon

By:_____
Leonard A. Sclafani

SO ORDERED:

_____
U.S.D.J.

DATED: October   , 2005        **PRYOR CASHMAN SHERMAN**
                               **AND FLYNN LLP**
                               Attorneys for Defendant and Third-Party Plaintiff
                               American University of Antigua College of Medicine

                               By:_____
                                    Ronald H. Shechtman

DATED: October   , 2005        **POLATSEK AND SCLAFANI**
                               Attorneys for Defendant and Third-Party
                               Plaintiff Neal S. Simon

                               By:_____
                                    Leonard A. Sclafani

On Consent

SO ORDERED:

_____RMB_____
U.S.D.J.
11/9/05

Richard M. Berman

435744v2                           11